﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200102-51567
DATE: November 30, 2020

ORDER

Service connection for right wrist/thumb disorder is denied.

FINDINGS OF FACT

1. The Veteran served on active duty from April 1989 to April 2009. 

2. A right ring finger epidural inclusion cyst was removed in service without any chronic residuals; a current right wrist/thumb disorder, diagnosed as a right ganglion cyst and first carpometacarpal degenerative arthrosis, is not causally or etiologically related to service.

CONCLUSION OF LAW

A right wrist/thumb disorder was not incurred in service. 38 U.S.C. §§ 1110, 5103(a), 5103A, 5107 (2012); 38 C.F.R. §§ 3.159, 3.303 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

In August 2017, the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA), was signed into law. This law creates a new framework for veterans dissatisfied with VA’s decision on their claim to seek review. The AMA automatically applies to all claims for which VA issues notice of an initial decision on or after February 19, 2019. See 38 C.F.R. § 3.2400(a)(1). The rating decision on appeal was issued in October 2019 and constitutes an initial decision; therefore, the AMA applies.

Turning to the relevant laws and regulations, service connection may be granted on a direct basis as a result of disease or injury incurred in service based on nexus using a three-element test: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred in or aggravated by service. See 38 C.F.R. §§ 3.303(a), (d); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009). 

The Veteran contends that the cyst of the right wrist/thumb area is related to the right ring finger cyst which was excised while he was in service.

As to a current disorder, in an October 2019 VA examination, the Veteran reported swelling on the thumb side of his right wrist. After a physical examination, the examiner diagnosed a right wrist/hand ganglion cyst. Therefore, a current diagnosis is shown and the first element of service connection is met.

As to an in-service incurrence, in November 1993, the Veteran underwent the removal of an epidermal inclusion cyst on the middle phalanx of the right ring finger. The post-operative wound check and suture removal showed that there were no problems with the incision site. At the time of discharge in 2009, he reported, among other things, an amputation of the distal right index finger but had no complaints related to a cyst on the hands or wrist. As a right wrist/thumb cyst was not shown in service, the medical evidence does not support service connection on a direct basis.

To the extent that the Veteran asserts that the right wrist/thumb cyst is related to the in-service cyst on the right ring finger, an October 2019 VA examiner reported that the Veteran had a cyst removed from the right ring finger in-service and never had any issues with it after that removal. As to the current right wrist/thumb ganglion cyst, the examiner noted that the cyst was a common finding associated with activity or trauma. There was no evidence that the current ganglion cyst was related to the in-service cyst and subsequent removal.

The examiner also noted that X-rays showed the Veteran had first carpometacarpal degenerative arthrosis, which was consistent with the Veteran’s post-service work as an electrician technician and not related to service or the inclusion cyst of the right finger in-service. The examiner also found that the Veteran had no right wrist/thumb ligament damage or instabilities of the right wrist. The examiner concluded that the current right wrist/thumb ganglion cyst was not at least likely as not related to his in-service right hand epidermal inclusion cyst. This evidence weighs against the claim. 

Private clinical records reflect that the Veteran sought treatment for right thumb pain in May 2017. The clinician noted a 2 centimeter volar radial ganglion cyst and osteoarthritis of the right basilar joint; however, the clinician did not offer an opinion regarding whether the wrist ganglion cyst was related to service. Therefore, the medical evidence weighs against the claim based on nexus.

The Board has considered the Veteran’s lay statements that his right wrist/thumb disorder was caused by service. He is competent to report symptoms because this requires only personal knowledge as it comes to him through his senses; however, he is not competent to offer an opinion as to the etiology of his current disorder due to the medical complexity of the matter involved. 

Such competent evidence has been provided by the service records, clinical evidence, and the examination obtained and associated with the claims file. Here, the Board attaches greater probative weight to the clinical findings than to his statements. In light of the above, the preponderance of the evidence is against the claim for service connection and there is no doubt to be otherwise resolved. As such, the appeal is denied.

Finally, the Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record, for the Board’s consideration. See Doucette v. Shulkin, 28 Vet. App. 366, 369-370 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

 

 

L. HOWELL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Parrish, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.